IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HIESHIA LEGRANDE<br>740 Wheatland Street, Apt. 217<br>Phoenixville, PA 19460 | :<br>:<br>:<br>: | CIVIL ACTION |
| Plaintiff | : : | |
| v. | : : | |
| DOWNINGTOWN AREA SCHOOL DISTRICT<br>540 Trestle Place<br>Downingtown, PA 19335<br>and<br>DOWNINGTOWN AREA SCHOOL AUTHORITY<br>540 Trestle Place<br>Downingtown, PA 19335<br>and<br>LIONVILLE MIDDLE SCHOOL<br>550 West Uwchlan Avenue,<br>Exton, PA 19341 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **COMPLAINT** |
| Defendants | : | |

AND NOW, comes the plaintiff, Hieshia Legrande, by and through her attorney, Thomas F. Sacchetta, Esquire, and avers as follows:

1. Federal jurisdiction in this matter is asserted pursuant to 28 U.S.C. § 1331. Venue is properly laid within the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b).

**Parties**

2. Plaintiff, Hieshia Legrande, is an adult individual whose address is 740 Wheatland Street, Apt. 217, Phoenixville, PA 19460.

3. Defendant, Downingtown Area School District, is a municipality existing under the laws of the Commonwealth of Pennsylvania that owns, operates, controls, manages, and/or

promulgates policies governing the Downingtown Area Schools, including but not limited to defendant Lionville Middle School, with an address at 540 Trestle Place, Downingtown, PA 19335.

4. Defendant, Downingtown Area School Authority, is a municipality existing under the laws of the Commonwealth of Pennsylvania that owns, operates, controls, manages, and/or promulgates policies governing the Downingtown Area Schools, including but not limited to defendant Lionville Middle School, with an address at 540 Trestle Place, Downingtown, PA 19335.

5. Defendant Lionville Middle School is an entity operating under the direction and control of the Downingtown Area School District and/or Downingtown Area School Authority which operates, controls, manages and/or promulgates policies concerning the safety of individuals, including students, teachers and aides and others located at 550 West Uwchlan Avenue, Exton, PA 19341.

**Facts**

6. At all relevant times hereto, defendants were in the exclusive possession, management and control of Lionville Middle School located at 550 West Uwchlan Avenue, Exton, PA 19341.

7. At all relevant times hereto, defendants were in the responsible for the safety and well-being of those at Lionville Middle School located at 550 West Uwchlan Avenue, Exton, PA 19341.

8. At all times material hereto, plaintiff, was on the premises as an invitee.

9. At all times material hereto, plaintiff was employed by Insight Workforce Solutions.

10. At all times material hereto, plaintiff was sent to defendant Lionville Middle School and subsequently assigned to help a 7th Grade student (hereinafter "student") at defendant's school.

11. At all times relevant and material hereto, defendants knew or should have known of the student's dangerous propensities, behavioral issues and violent tendencies.

12. Despite this knowledge, defendants failed to warn or alert plaintiff of same.

13. The student had a long history of being violent toward students, teachers, aides and others in the school, including tripping and causing injury to individuals within the school on many occasions.

14. On or about November 20, 2019, shortly after being assigned to the student, plaintiff was severely injured when the student tripped plaintiff, causing her to fall the ground.

15. Defendants knew or should have known that the student would attempt to and would injure plaintiff based on numerous similar occurrences with others.

16. Plaintiff was never warned about the student's violence towards others.

17. Plaintiff was told afterward by those working for defendants that the student was very violent and often would trip and attack teachers and other aides, yet defendants failed to act on such knowledge to prevent injury to plaintiff or anyone else prior to this incident.

18. The aforesaid staff failed to otherwise alert, warn, and/or protect plaintiff despite this knowledge.

19. Defendants, themselves and/or by and through their employees/school officials knew of the impending danger, were recklessly indifferent to said danger and through their authority vested in them by the Commonwealth, knowingly created a dangerous environment that led to plaintiff's injuries which would have otherwise been preventable.

20. Defendants created the danger by assigning plaintiff to the student they knew had a history of violent and dangerous behavior, including tripping and attacking individuals, teachers, and teachers' aides.

21. Defendants' actions shock the conscience as defendants were deliberately indifferent to plaintiff's safety and risk of harm.

22. The student's actions, this incident, and plaintiff's injuries were foreseeable to defendants and were a direct result of defendants' conduct.

23. Although defendants were aware of the danger that plaintiff was in with respect to her connection to the student, they were indifferent to the harm that could be caused to plaintiff, did not warn her of said harm, and did not do anything whatsoever to prevent said harm.

24. Defendants failed to properly train plaintiff prior to her beginning to work with and being assigned to the student, who was known by defendants to have dangerous and violent behavior.

25. Plaintiff did not receive any training from defendants regarding the student and/or any of his tendencies.

26. Defendants failed to have formal policies and procedures in place to alert, warn, protect, and keep safe those who are assigned to violent, dangerous students.

27. Defendants policies and procedures should have required training prior to placing and/or assigning individuals to students with violent and dangerous behavior.

28. Defendants' policies and procedures failed to require, but should have required, disclosure of the student's behavioral and violent past to plaintiff who was directly assigned to him when it was or should have been known to defendants that the exact type of incident that occurred, had occurred previously.

29. Defendants' policies and procedures failed to require, but should have required, safety measures be put in place to protect plaintiff and those in plaintiff's situation.

30. Defendants' policies and procedures failed to require, but should have required, additional supervision/monitoring and evaluation of the student to ensure that he was not a danger to plaintiff and others.

31. Defendants' policies and procedures failed to require, but should have required, the student be removed from the school once they knew or should have known of his violent behavior.

32. In the alternative, if defendants did have in place any policies mentioned in paragraphs 26-31, defendants failed to follow their own policies, ignored their own policies, and allowed their employees to do the same.

33. As a direct and proximate cause of the deliberate and/or reckless indifference of defendants, plaintiff suffered severe physical pain and suffering, humiliation, mental anguish, fear, physical injuries, economic loss, scarring and disfigurement.

### COUNT I –42 U.S.C. §1983 AND 8TH AND 14TH AMENDMENT TO THE CONSTITUTION
### Plaintiff v. All Defendants

34. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein at length.

35. Defendants, or their agents, employees, workers or assigns, were at all times material hereto responsible for the de jure or written policies, edicts, procedures, directives, regulations, and funding to implement same for defendants.

36. Defendants had an obligation and duty to plaintiff to properly document, alert, warn, and protect individuals from known dangerous and violent students who pose a health and safety risk, and take the appropriate action to remove the danger.

37. Defendants knew or should have known that the student was dangerous and violent and had injured others before the same way that plaintiff was injured and had a duty to warn and protect plaintiff from same.

38. Defendants actions and response were inadequate, insufficient, or inappropriate.

39. Defendants, prior to the subject occurrence, had by tacit or explicit consent, or by deliberate and/or reckless indifference, allowed unlawful and unconstitutional regulations, rules, directive, edicts, and/or procedures to exist which either because of inadequate, inappropriate or insufficient training, or because of the facial application and implementation of same was the moving force behind the failure to prevent plaintiff's injury, which resulted in further significant injury or the unnecessary and wonton infliction of pain.

40. Defendants, prior to the subject occurrence through deliberate and/or reckless indifference, failed to warn plaintiff of the student's violent tendencies although they knew of the impending danger and knowingly created the environment of danger to plaintiff by not removing the student or acting in a manner to protect, alert or warn plaintiff.

41. Defendants, by deliberate and/or reckless indifference or tacit acquiescence, failed to properly warn, alert, and/or protect plaintiff, such that the violation of plaintiff's constitutional rights have become the accepted practice. Defendants have routinely failed to take measures to prevent the aforesaid misconduct and particularly the conduct alleged to have violated plaintiff's constitutional rights.

42. Defendants exhibited deliberate and/or reckless indifference to the known, substantial and obvious risk to plaintiff and disregarded that risk.

43. Defendants by and through their staff, agents, employees, workers or assigns, exhibited deliberate and/or reckless indifference to the plaintiff's health. Defendants exhibited deliberate and/or reckless indifference to the plaintiff's health by, inter alia, knowingly, intentionally and deliberately engaging in the following conduct:

    a. deliberately and/or recklessly ignoring and/or failing to act with the knowledge of the student's violent and dangerous behavioral issues;

    b. deliberately and/or recklessly failing to alert and/or timely provide plaintiff with notice of the student's violent and dangerous behavioral issues;

    c. deliberately and/or recklessly failing to alert plaintiff that the student often trips and attacks his teachers and aides;

    d. deliberately and/or recklessly failing to have policies and procedures in place to deal with the student following previous violent and dangerous attacks;

    e. deliberately and/or recklessly failing to have adequate protections and safeguards in place to handle the student when he became violent after being aware of his violent behavior;

    f. deliberately and/or recklessly failing to take reasonable steps to prevent the student's tripping of plaintiff, and by failing to communicate to plaintiff the danger she was in before it was too late;

    g. deliberately and/or recklessly failing to remove the student from the school;

  h. deliberately and/or recklessly failing to protect plaintiff from the danger that defendants knew or should have known in the dangerous environment that defendants created;

  i. deliberately and/or recklessly allowing plaintiff to be attacked and injured through their inaction;

  j. deliberately and/or recklessly failing to institute and/or properly apply policies to prevent this known danger from occurring;

  k. deliberately and/or recklessly failing to have formal policies and procedures in place to alert, warn, protect, and keep safe those who are assigned to violent, dangerous students;

  l. deliberately and/or recklessly failing to have policies and procedures requiring disclosure of the student's behavioral and violent past to plaintiff who was directly assigned to him when it was or should have been known to defendants that the similar and/or exact type of incident that occurred, had occurred previously;

  m. deliberately and/or recklessly failing to have policies and procedures requiring safety measures be put in place to protect plaintiff and those in plaintiff's situation;

  n. deliberately and/or recklessly failing to have policies and procedures requiring additional supervision/monitoring and evaluation of the student to ensure that he was not a danger to plaintiff and others;

  o. deliberately and/or recklessly failing to have policies and procedures requiring the student be removed from the school once they knew or should have known of his violent behavior;

        p.     deliberately and/or recklessly failing to abide by their own policies and procedures under the circumstances;

        s.     deliberately and/or recklessly failing to have proper policies and procedures in place under the circumstances; and

        t.     deliberately and/or recklessly failing to properly train plaintiff prior to being assigned to a student with violent and dangerous propensities.

44. Defendants exhibited a custom and practice of exhibiting indifference to health of teachers and aides.

45. Defendants have a custom and practice of failing to alert and warn individuals of student dangers and show deliberate indifference to teachers' and aides' health.

46. As a proximate result of the defendants' official rules, regulations, or directives, or their unwritten policies, customs, and practices, as stated herein, as well as defendants failure to properly act under the circumstance to prevent injury, which was done through reckless or deliberate indifference for plaintiff's safety causing a dangerous environment to exist and being aware of the impending danger, plaintiff sustained substantial injury, including, without limitation: injuries to her right knee, left side, left shoulder, left shoulder tear, left wrist with carpal tunnel, left ulnar neuropathy and wrist derangement, and low back with disc injuries and radiating pain with radicular symptoms.

47. As a result of her injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

48. As a direct result of the aforesaid injury, plaintiff suffered severe shock to her nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

49. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

50. As a result of her injuries, plaintiff has and may in the future continue to incur unreimbursed wage loss and medical expenses.

51. As a result of her injuries, plaintiff may have suffered a permanent disability and a permanent impairment of her earning power and capacity.

52. As a direct result of the injury, plaintiff has been prevented from attending to her usual duties and obligations, and believes that she may be prevented from so doing in the future, as her injuries seem to be permanent in nature.

53. Defendants violated the United States Constitution, Eight Amendment. or alternatively, defendants violated plaintiff's liberty interest rights and plaintiff's procedural due process rights under the 14th Amendment of the U.S. Constitution.

54. Defendants did violate 42 U.S.C Section 1983.

WHEREFORE, plaintiff demand judgment against defendants, jointly and severally, and further demands an award of compensatory damages, in excess of $50,000.00 damages, costs, attorneys' fees and any other relief including declaratory relief that the acts of defendants were unconstitutional. Plaintiff demands a trial by jury.

SACCHETTA & BALDINO

BY: */s/ Thomas F. Sacchetta*
Thomas F. Sacchetta, Esquire
ID Number: 46834
308 East Second Street
Media, PA 19063
(610) 891-9212